

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 4, 1966

Honorable Henry Wade
District Attorney
Records Building
Dallas, Texas

Opinion No. (C-594)

Re: Whether Article 43.09
of the Code of Criminal
Procedure (1966) applies
to the discharging of fines
and costs adjudged against
a defendant prior to January
1, 1966.

Dear Sir:

In a recent opinion request of this office you submit
the following question:

"Under the provisions of Article 43.09,
Code of Criminal Procedure of the State of
Texas, must all prisoners convicted of a mis-
demeanor and imprisoned in the Dallas County
jail for the purpose of discharging the full
amount of the pecuniary fine and cost adjudged
against the respective prisoner, be credited
at the rate of five dollars for each day or
fraction of a day so served in jail on or
after January 1, 1966, even though such a
prisoner was so convicted and the pecuniary
fine and cost were adjudged against him prior
to January 1, 1966?"

Article 43.09, Code of Criminal Procedure of Texas,
1966, is as follows:

"When a defendant is convicted of a misde-
meanor and his punishment is assessed at a
pecuniary fine, if he is unable to pay the fine
and costs adjudged against him he may for such
time as will satisfy the judgment be put to
work in the workhouse, or on the county farm,
or public improvements of the county, as pro-
vided in the succeeding Article; or if there
be no such workhouse, farm or improvements,
he shall be imprisoned in jail for a sufficient
length of time to discharge the full amount of
fine and costs adjudged against him; rating
such labor or imprisonment at five dollars for

-2868-

> each day thereof; provided, however, that
> the defendant may pay the pecuniary fine
> assessed against him at any time while he
> is serving at work in the workhouse, or on
> the county farm, or on the public improve-
> ments of the county, or while he is serving
> his jail sentence, and in such instances he
> shall be entitled to a credit of five dollars
> for each day or fraction of a day that he
> has served and he shall only be required to
> pay his balance of the pecuniary fine assessed
> against him."

The above quoted Article repealed Article 793 of the old Code of Criminal Procedure which provided substantially as does the new Article with the exception that a person convicted of a misdemeanor under the old Code was imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him at the rate of three dollars ($3.00) a day. It is our opinion that even though a prisoner was convicted of a misdemeanor prior to January 1, 1966, if he were confined in jail as a result of that conviction on or after that date he would receive credit toward satisfaction of the fine and costs adjudged against him at a rate of five dollars ($5.00) for each day he was imprisoned in jail on or after January 1, 1966. This is a change in a procedural remedy and it seems clear that in Texas such changes may be made to effect all proceedings pending at the time of their enactment. Barnett v. State, 62 S.W. 763, (Tex. Crim. 1900); Odenthall v. State, 209 S.W. 743 (Tex. Crim. 1926).

Also, attention is invited to Article 1.02 of the new Code of Criminal Procedure which is as follows:

> "This code shall take effect and be in
> force on and after January 1, 1966. The pro-
> cedure herein prescribed shall govern all
> criminal proceedings instituted after the
> effective date of this Act and all proceedings
> pending upon the effective date hereof insofar
> as are applicable."

In addition to the reasoning pointed out above, it is noted that Article 793 of the old Code of Criminal Procedure was specifically repealed as of January 1, 1966, and if the procedure outlined in Article 43.09 of the new Code were not followed, there would be no statute controlling the rate at which a prisoner would receive credit toward the satisfaction

of the fine and costs adjudged against him.

S U M M A R Y

A person convicted of a misdemeanor and imprisoned in a county jail for the purpose of discharging the amount of fine and costs adjudged against him is credited at the rate of five dollars ($5.00) a day for each day or fraction of a day so served in jail on or after January 1, 1966, even though such prisoner was convicted and the fine and costs assessed against him prior to January 1, 1966.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Sam Kelley_
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Lonnie Zwiener
Thomas Mack
Edward Moffett
Charles M. Bordwell

APPROVED FOR THE ATTORNEY GENERAL:
BY:  T. B. Wright